## Case No. 15,525.

### UNITED STATES v. KENNEDY.

[4 Wash. C. C. 91.] [1]

Circuit Court, D. Pennsylvania. April Term, 1821.

SLAVE TRADE—INDICTMENT OF MASTER.

1. Indictment against the master of a vessel for serving on board a vessel employed in transporting a slave from the island of St. Thomas to Cuba, contrary to the act of congress of the 10th of May, 1800 [2 Stat. 70].

2. The object and intention of the law is to prevent the transportation of slaves from one foreign country to another for the purpose of traffic; and the jury must decide if that was the present case.

3. The master serves on board of his vessel, and is therefore, if guilty, properly charged by the indictment.

Indictment for serving on board a vessel employed in transporting a slave from the island of St. Thomas, to the island of Cuba; contrary to the act of the 10th of May, 1800. See 3 [Bior. & D. Laws] 382, § 2 [2 Stat. 70]. This section declares that "it shall be unlawful for any citizen of the United States, or other person residing therein, to serve on board any vessel of the United States employed or made use of in the transportation or carrying of slaves from one foreign country or place to another, and any such citizen or other person, voluntarily serving as aforesaid, shall be liable to be indicted therefor; and, on conviction thereof, shall be liable to a fine not exceeding two thousand dollars, and be imprisoned not exceeding two years."

The evidence of the only witness much relied upon in support of the prosecution was, that the defendant took on board, at St. Thomas, a negro boy, which he stated to the witness he had received from the lady with whom he boarded, to carry to Cuba to her brother, for the passage of whom fifteen dollars had been paid him. That after their arrival at St. Jago, the defendant told the witness he had been compelled to sell the negro boy to a Mr. Clark, for three hundred dollars. Some evidence was given that the landlady at St. Thomas was spoken of as

his mistress, and that it was said, at St. Jago, that the boy had been taken into the country to Mr. Clark, his master. Some opposing testimony was given on the part of the defendant, and the credit and general character of the witness relied upon to support the prosecution, was strongly attacked.

WASHINGTON, Circuit Justice (charging jury). The opinion of the court as to the true construction of the act of congress on which this prosecution is founded is, that it is confined to the transportation of slaves from one foreign country to another, for the purpose of traffic. It must be admitted, that the expressions of the second section of the law are sufficiently broad to comprehend the case of a mere transportation; although there is no evidence that a traffic in slaves was contemplated. But when we take into view the obvious policy of the various laws on this subject, the title of this law and the particular phraseology of the third section, which differs from the second only in the circumstance that the one relates to a service on board of a vessel of the United States, and the other to a service on board of a foreign vessel so employed; we are satisfied, that the legislature did not intend to go farther than to prohibit our citizens from engaging in a traffic in slaves, between one foreign country and another. This point was decided in this court in the case of The Tryphenia. [Case No. 14,209.]

It is objected by the counsel for the defendant that the second section speaks of slaves in the plural number, and that the offence charged in this indictment being for the transportation of a single slave, the case is not within the act of congress; and 1 Bl. Comm. 88, was relied upon. As this objection, if a valid one, appears upon the indictment, it will be unnecessary for the court to notice it in this stage of the trial. Should the defendant be convicted, his counsel can move that point in arrest of judgment.

It is next contended in behalf of the defendant, that as he commanded the vessel, he cannot be said to have served on board of her. We think there is no foundation for this objection. The master is the servant of the owner, and may, under this act of congress at least, be said to serve on board of his vessel; if he is not included under these general expressions, there is no other part of the act which embraces his case.

If then the jury should be satisfied that this negro boy was a slave, at St. Thomas, and was carried to the island of Cuba for the purposes of sale, or that he was in fact sold by the defendant; then it is the opinion of the court that you should find him guilty; but not otherwise. As to the credit to be given to the witness examined in support of the prosecution, you must judge.

Verdict, not guilty.

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]